UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOLAN,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-04-2023** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **EDWARD KLEM,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM and O R D E R

Petitioner John Dolan, an inmate at the State Correctional Institution-Mahanoy in Frackville, Pennsylvania, initiated the present action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner claims that: (1) the Pennsylvania Board of Probation and Parole ("PBPP") applied amended standards to his reparole application, in contravention of the ex post facto clause of the United States Constitution, and (2) he was denied his liberty interest in reparole without due process, in violation of the Fifth and Fourteenth Amendments. On May 10, 2005, this court denied the habeas petition. Presently before the court is Petitioner's motion for reconsideration of the court's order denying habeas relief. Because this court finds that Petitioner has failed to provide the evidence required for a successful motion for reconsideration, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. Petitioner merely wants this court to rethink its earlier decision.

*Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made).

Accordingly, this court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration. **IT IS HEREBY ORDERED** that Petitioner's motion (Doc. 27) is **DENIED**.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: July 25, 2005.